## Case No. 14,906.

### UNITED STATES v. CUSHMAN.

[1 Lowell, 414.] [1]

Circuit Court. D. Massachusetts. 1869.

INTERNAL REVENUE — DISTILLER — SPECIAL TAX— REPEAL OF STATUTES.

Section 23 of the act of July 13, 1866 (14 Stat. 153), punishing a distiller who shall carry on business without payment of a special tax, is not repealed by section 5 of the act of March 31, 1868 (15 Stat. 59), which punishes more severely every distiller who shall defraud or attempt to defraud the United States of the tax on the spirits distilled by him, although the minimum punishment under the former law is regulated by the amount of spirits unlawfully distilled.

[This was an indictment against A. W. Cushman and others for carrying on the business of distillers of spirits without license.] In this case, and two others against other defendants, that were argued with it, the defendants had pleaded guilty to indictments framed under the act of July 13, 1866, § 23 (14 Stat. 153), and now moved in arrest of judgment.

G. A. Somerby, C. L. Woodbury, and L. S. Dabney, for the several defendants.

The statute relied on by the government has been repealed by section 5 of the act of 1868 (15 Stat. 59), for the punishment is increased by the later statute, and the offence is the same, namely, defrauding the government of the taxes on distilled spirits; for though the charge is, in form, the non-payment of the special tax or license fee, yet, in fact, the fine is regulated by the number of gallons illicitly distilled. To the point of implied repeal, see Norris v. Crocker, 13 How. [54 U. S.] 429; Com. v. McDonough, 13 Allen, 581.

H. D. Hyde, Asst. U. S. Dist. Atty.

The offence defined in the two statutes is not the same. In the one case it is the carrying on a business without license, and in the other defrauding the government of another and different tax, which may be done by a licensed as well as an unlicensed distiller.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

LOWELL, District Judge. The mode of ascertaining the punishment established by the law of 1866, is unusual, but the offence is clearly the carrying on a business without

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

due authority. The extent of the business carried on is made the measure of the lowest fine, but the offence is complete when the business is actually begun. Congress may have taken for granted that a person who did not pay the special tax or license fee would be very likely to be a defaulter in respect to the much more onerous tax on the product, but they have not said that it is the latter fraud which they intended to punish. Under this section it is not necessary for the government to allege, and they never do allege, that the taxes on the spirits themselves have not been paid; nor would it be a good defense to an indictment to aver and prove that in fact they had been paid.

In this district it has been our practice to require that the indictment should aver, and the jury should find, the number of gallons distilled by the defendant; but our reason for adopting this practice was not that the fact formed any part of the substance of the offence, but because it is proper, and according to the best precedents, for the jury to pass upon a fact upon which the minimum of fine is made by law to depend. Without such a finding, the record would never show whether the court had obeyed the law or not. Upon careful consideration, we are not able to see that the section under review means any thing more than this. that the amount of business done without authority shall regulate the punishment. It follows that the law of 1868, in affixing a higher penalty for a failure to pay the tax on the spirits, was dealing with a different subject-matter, and that a conviction or acquittal under either law would be no defence to an indictment under the other, and that the latter does not repeal the former. The real difficulty and possible hardship arise out of the statute of 1866 taken by itself quite as much as from any conflict between the two statutes. Motions denied.